## STATE ex HALL v FENNER

Ohio Appeals, 2nd Dist, Miami Co

No 335. Decided Jan 9, 1935

Paul T, Klapp, Troy, for plaintiff.
Kerr, Kerr & Kerr, Troy, for defendant.

## OPINION

By KUNKLE, J.

The case is in this court on appeal and not upon a proceeding in error. Is the case appealable?

This question has been determined in the negative by, not only different Courts of Appeal but also by the Supreme Court. Prior to the adoption of our present constitution it was definitely settled that an action in mandamus was appealable.

It is a civil action and as the parties were not entitled to trial by jury, the case prior to the adoption of our present constitution would clearly have been appealable.

Under our present constitution, however, the jurisdiction of the Court of Appeals is defined by **Article 4, §6 of the Constitution.**

In the case of **State ex v Board of Education, 115 Oh St page 55** the syllabus is as follows:

"The action of mandamus does not constitute a chancery case within the purview of **Article 4; §6 of the Ohio Constitution.**"

In the case of **State ex Franke v Minshall, Volume 10, Oh Ap Reports at page 86** the first paragraph of the syllabus is as follows:

"A proceeding in mandamus is not a chancery case, and therefore can not be reviewed on appeal by the Court of Appeals under the provision of §6, **Article 4 of the Constitution of 1912.**"

In the case of **State ex Davis v Board of Commissioners of Butler County, 9 Oh Ap Reports, at page 299** the syllabus is as follows:

"An action in mandamus is a statutory proceeding and not a chancery case, and its appeal does not lie under §6, **Article 4 of the Constitution.**"

See also **Ohio Jurisprudence, Volume 2, page 122, §97.**

Under the above decisions it is clear that the case is not appealable.

No motion, however, has been filed to dismiss the appeal.

This court has on its own motion, upon different occasions, before judgment was entered, refused to exercise jurisdiction on appeal where the case was clearly not appealable.

We think this the proper practice to pursue, and the same is recognized by our Supreme Court in the case of **State ex Lander v Preston et, 93 Oh St, page 423.**

Judge Donahue in rendering the opinion of the court on page 427 says:

"The motion to dismiss in this case was interposed before judgment. The mere fact that the cause had been submitted upon its merits did not prevent that court from entertaining that motion, or, **for that matter dismissing the case sua sponte, if upon a consideration it reached the conclusion that it had no jurisdiction upon appeal.**" (Black face ours).

In view of the conclusion at which we have arrived as to the appealability of the case, the appeal will be dismissed.

HORNBECK, PJ, and BARNES, J, concur.