## STATE ex HALLORAN v GARVIN

Ohio Appeals, 2nd Dist, Clark Co

No 353. Decided June 1, 1938

Aaron J. Halloran, Springfield, for relator.
H. W. Snodgrass, Assistant City Solicitor, Springfield, for respondent.

## OPINION

By THE COURT

The above entitled cause is now being determined on motion of respondent to dismiss the relator's appeal upon the ground that the action being one in mandamus is not appealable and that this court has no jurisdiction thereof. Also to be considered on relator's motion to strike respondent's motion from the files for the following reasons, to-wit:

(1) That the defendant herein is estopped to file such a motion.

(2) That the orderly procedure of the court has been tampered and trifled with by this defendant herein in its various relations with the court.

We will first consider relator's motion to strike. The memoranda accompanying the motion to strike presents the theory that the City Solicitor having on previous sessions of our court made the announcement that the cases were settled and were only awaiting official confirmation, should work an estoppel against presenting a motion for dismissal on the claimed ground of no jurisdiction. The motion also seeks to call to attention that at the former term of our court, the City Solicitor sought to have agreed statements of fact filed and finally in open court agreed to furnish the testimony adduced at the trial below by stenographic transcript supplemented by what other evidence was deemed necessary. We are unable to conclude that any of these actions upon the part of the respondent would at this stage of the case prevent it from raising the question of jurisdiction on the appeal. The case of **Drake et v Tucker ct, 83 Oh St 97**, is authority for the proposition that the question of jurisdiction under the appeal may not be raised for the first time in the Supreme Court. The syllabus clearly indicates that the question may be raised at any time before trial in the Circuit Court. This cause has not been submitted in our court and, therefore, the motion to dismiss the appeal is well within time.

The motion to strike will be overruled. Coming now to consider the motion to dismiss, the appeal on the ground that an action in mandamus is not appealable, we are forced to the conclusion that the motion is well taken and must be sustained. That the action is one in mandamus is unquestioned. The attempt to carry the case to our court preceded the new Procedural

Act effective January 1, 1936. The attempted appeal was under the old procedure and under the rule announced by the Supreme Court appeals from the Common Pleas Court to the Court of Appeals should only be made in chancery cases. The Supreme Court of Ohio in the case of **State ex v Board of Education, 115 Oh St 55,** definitely determined that an action in mandamus is not a chancery case within the purview of **Article IV, §6 of the Ohio Constitution.** Our court in the case of **State ex Hall v Fenner, 18 Abs 701,** followed the Supreme Court and made the same announcement. In this latter case the various authorities were collected and referred to. In the case of **State ex Lander v Prestien et, 93 Oh St 423,** the following appears in the second syllabus:

"It is not error for Courts of Appeal to sustain a motion to dismiss an appeal for want of jurisdiction filed after the case has been submitted to the court upon its merits."

The motion to dismiss will be sustained.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.